UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
FILE NO. _____

| | |
|---|---|
| ESTES FORWARDING WORLDWIDE LLC, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) |
| COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS HOLDINGS, INC., COMCAST CABLE COMMUNICATIONS, INC., COMCAST CABLE COMMUNICATIONS, LLC, T-MOBILE USA, INC., GOOGLE, INC., and JOHN DOE | ) ) ) ) ) ) ) ) |
| | ) |
| Respondents. | ) |
| | ) |

## VERIFIED PETITION FOR PRE-ACTION DISCOVERY

Petitioner Estes Forwarding Worldwide LLC ("EFW"), by and through its undersigned counsel, and as for its Petition for pre-action discovery to perpetuate testimony, pursuant to Rule 27 of the Federal Rules of Civil Procedure, states as follows:

### INTRODUCTION

1. The purpose of this proceeding, pursuant to Fed. R. Civ. P. 27, is to perpetuate testimony from Respondents Comcast Corporation, Comcast Cable Communications Holdings, Inc., Comcast Cable Communications, Inc., Comcast Cable Communications, LLC, and T-Mobile USA, Inc. to reveal the identity of one or more internet service subscribers ("John Doe") who, without authorization and with no lawful excuse, accessed and obtained confidential and trade secret information and communications stored in EFW's Google account. From Google, Inc., EFW seeks to perpetuate testimony intended to reveal the full details of John Doe's unlawful activity. This information is requested in connection with an anticipated civil action for

1

damages and injunctive relief by EFW against John Doe for John Doe's unauthorized and unlawful access, in violation of state and federal law.[1]

## THE PARTIES

2. Petitioner Estes Forwarding Worldwide, LLC ("EFW") is a Virginia limited liability company that is authorized to transact business in the State of Pennsylvania. EFW is an air and surface freight forwarder, providing logistics and transportation services to businesses worldwide.

3. Upon information and belief, Respondent Comcast Corporation is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

4. Upon information and belief, Respondent Comcast Cable Communications Holdings, Inc. is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania.

5. Upon information and belief, Respondent Comcast Cable Communications, Inc. is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania.

6. Upon information and belief, Respondent Comcast Cable Communications, LLC, is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. For purposes of this Petition, the aforesaid Comcast entities shall be referred to collectively as the "Comcast Respondents." Upon information and belief, the Comcast Respondents are in the business of, among other things, providing commercial and residential customers with high-speed internet access. Upon information and belief, the Comcast Respondents are an internet service provider for John Doe.

---

[1] A Rule 27 Petition is the proper procedure for pursuing the specialized relief sought herein. See, e.g., GWA, LLC v. Cox Communications, Inc., 2010 WL 1957864, 3:10-cv-741 (D. Conn., May 17, 2010) (attached hereto as Exhibit B).

7. Upon information and belief, T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation with its principal place of business in the State of Washington, but which has an office in, and regularly and systematically conducts business in, the State of Pennsylvania. Upon information and belief, T-Mobile is in the business of, among other things, providing commercial and residential customers with mobile phone services, which include internet access. Upon information and belief, T-Mobile is a mobile phone service provider for John Doe.

8. Upon information and belief, Google, Inc. ("Google") is a Delaware corporation with its principal place of business in the State of California, but which regularly and systematically does business in the State of Pennsylvania. Upon information and belief, Google is in the business of, among other things, providing a wide variety of internet services, including search functions, cloud storage, document collaboration services, and video streaming services.

9. Upon information and belief, John Doe is a citizen of the United States. EFW is currently unable to determine John Doe's true identity, but alleges, as described more fully hereinbelow, that John Doe has committed numerous violations of state and federal laws in improperly accessing and downloading information belonging to EFW. EFW intends to discover John Doe's true identity through this action so that it can pursue claims against him or her as described herein.

**FACTUAL BACKGROUND**

10. Like most freight forwarders, EFW is non-asset based, which means it does not own or operate transportation equipment (i.e., planes, trucks, boats) to move freight. Rather, EFW, through significant time and expense, has built a large network of transportation contacts from which EFW can select the best transportation solution for any specific shipment. For many shipments, EFW typically engages at least three vendors: a vendor to pick up the shipment from the customer and deliver it to the airport, a vendor to transport the shipment from airport to

airport, and a vendor to transport the shipment from the airport to the delivery address. Depending on the delivery requirements and destination for a particular shipment, EFW may engage more vendors. For each shipment that it facilitates, EFW bears the ultimate responsibility for the successful movement of the shipment.

11. EFW's business is made more complex by virtue of its specializing in "time-definite" shipments, which require delivery more quickly than standard transit times. Time-definite shipments include same-day shipments, shipments to be delivered the next morning (same-day a.m.), and shipments to be delivered the next day (next-day).

12. EFW has invested significant time and expense developing its operations procedures and its network of transportation contacts, and it is in possession of extensive documentation reflecting the decisions it makes when choosing transportation solutions for particular shipments. This documentation includes historical shipment information, type of freight and freight dimensions, routing decisions, vendor selection, vendor costs, transit times, and revenue information. All of this documentation constitutes, and shall be referred to as, "Trade Secrets" belonging to EFW. The Trade Secrets would serve as a "how-to" for any entity seeking to compete with EFW, as the entity could easily determine how to move freight from one location to another in the most efficient manner possible and how to realize a profit across the entire universe of shipments.

13. Because EFW is not asset-based, EFW is sometimes able to locate its employees near certain customers or even on site with its customers in order to better serve such customers.

14. From 2009 through 2016, EFW placed employees in the San Francisco area in order to serve a specific customer. Due to certain restrictions placed upon EFW by the customer, EFW was not permitted to install its own IT infrastructure at the customer's location. Without

its own IT systems at the location, EFW needed an alternate way for EFW representatives to record and share information about shipments from the location. Recording and sharing such information served two important purposes. First, it permitted EFW representatives to communicate regarding each and every shipment, thereby ensuring the shipment would be delivered in accordance with the customer's requirements. Second, recording shipment details, routing decisions, vendor selection, and other shipment information further developed EFW's Trade Secrets.

15. EFW chose to use Google Drive, Gmail, and Google Docs (the "Google Account") to accomplish these goals. EFW ensured the Google Account was password protected. Additionally all of EFW's on-site representatives had executed confidentiality agreements in favor of EFW.

16. From 2009 to 2016, EFW handled tens of thousands of time-definite shipments for the customer. Trade Secret information about these shipments are contained in the Google Account.

## THE UNAUTHORIZED ACCESS

17. On the morning of May 14, 2016, John Doe, without authorization, signed into the Google Account using a Samsung Galaxy S IV device. John Doe's phone was assigned the IP address 172.56.41.224 and, upon information and belief, was in or near Los Angeles, California. According to online IP address services, the aforesaid IP address belongs to T-Mobile.

18. On the morning of May 19, 2016, John Doe signed into the Google Account using a Mac computer. John Doe, with no valid reason for doing so, created an archive copy of the entire Google Account. John Doe also removed the recovery email, alternate email, and

recovery phone number on file with Google for the Google Account and changed the password for the account.

19. John Doe's Mac was assigned the IP address 2601:603:301:fb06:497:b274:a22a:468b and, upon information and belief, was in or near Puyallup, Washington. According to online IP address services, the aforesaid IP address belongs to the Comcast Respondents.

20. Later that morning, John Doe signed into the Google Account from a Windows device. During this session, John Doe, with no valid reason for doing so, downloaded the archive and attempted to delete the entire Google Account. John Doe's Windows device was assigned the IP address 50.207.74.118 and, upon information and belief, was in or near Burien, Washington, though certain IP address services suggest the device was in or near Novato, California and/or Denver, Colorado. According to online IP address services, the aforesaid IP address belongs to the Comcast Respondents.

21. A more detailed account of the unlawful and unauthorized access is attached hereto as Exhibit A and incorporated herein by reference.

22. John Doe's actions described above were not authorized by EFW and were wrongful. John Doe acted with the intent to harm EFW and do damage to its business.

23. EFW discovered these wrongful actions and took action to restore the Google Account. However, John Doe was still able to download the archive, thus putting him or her in possession of Trade Secret information belonging to EFW.

**GROUNDS FOR RULE 27 PETITION**

24. Upon information and belief, many internet service providers and phone service providers only maintain logs of IP address assignments for a finite period of time. For example, the Comcast Respondents, upon information and belief, only retain IP address log files for 180

days. A risk therefore exists that information will be irretrievably lost through routine erasure unless preserved. Upon information and belief, Google's retention period for audit logs, which show access and activity history of the Google Account, is 180 days or less.

25. EFW has already expended substantial time and expense investigating and addressing the unauthorized activity described above. Moreover, EFW has already suffered, and may continue to suffer, additional harm if John Doe's wrongful acquisition of EFW's Trade Secrets is not enjoined.

26. EFW expects to bring an action against John Doe for his or her actions but cannot do so until it discovers John Doe's identity. The only way to discover John Doe's identity is through the discovery sought herein.

27. John Doe wrongfully and without authorization accessed and misused the Google Account, thereby violating the Electronic Stored Communications Act, 18 U.S.C. § 2701, et. seq.

28. EFW is aggrieved by such conduct and believes it may be entitled to bring civil action under 18 U.S.C. § 2701 against the party who committed such violations.

29. John Doe intentionally accessed the Google Account, which was used in and affected interstate commerce, without authorization, and, as a result, caused damages and loss in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

30. EFW has suffered damage and loss by reason of this violation in excess of $5,000. Such loss includes, without limitation, the cost of the business interruption to EFW and the expenditure of employee time and resources in connection with the investigation and remediation of the unauthorized access.

31. EFW believes it may be entitled to maintain a civil action against John Doe to obtain compensatory damages, injunctive relief, and/or other equitable relief pursuant to 18 U.S.C. § 1030(g).

32. EFW also believes it may be entitled to maintain a civil action against John Doe under the federal Defend Trade Secrets Act, 18 U.S.C. § 1831, et. seq., and the Virginia Trade Secrets Act, Va. Code. Ann. § 59.1-337, et. seq.

33. Through the testimony and/or documentary evidence expected to be provided by the Comcast Respondents, T-Mobile, and Google, EFW seeks to establish the identity of John Doe.

34. Due to the possibility that the Comcast Respondents, T-Mobile, and Google will not preserve and/or erase logs showing relevant use of the IP addresses at issue and John Doe's access to, and activity within, the Google Account, there is a substantial risk that, if such testimony and documentary evidence is not perpetuated, EFW will never be able to discover who John Doe is and the extent of his or her activity, thereby foreclosing EFW's ability to seek damages as provided under the foregoing statutes.

35. Moreover, it is of utmost importance to EFW to identify John Doe who, based on the conduct described above, has exhibited an ability and willingness to violate EFW's rights to its Trade Secrets. Given EFW's significant investment in such Trade Secrets, and the economic value of such Trade Secrets to a competitor, John Doe's conduct poses substantial risk of financial harm to EFW. Absent the identification of John Doe, EFW will be prevented from seeking the injunctive relief necessary to prevent or limit such harm.

WHEREFORE, EFW respectfully requests that the Court issue an order authorizing it to issue subpoenas to take the deposition of the Comcast Respondents, T-Mobile, and Google upon

oral examination or by written questions for the purpose of perpetuating their testimony regarding the following:

1. From T-Mobile, the identity of the subscriber using the IP address 172.56.41.224 from May 1, 2016 to the present;

2. From the Comcast Respondents, the identity of the subscriber using the IP addresses 2601:603:301:fb06:497:b274:a22a:468b and 50.207.74.118 from May 1, 2016 to the present; and

3. From Google, a copy of the audit log for the Google Account showing devices accessing the account, including IP addresses and locations associated with each device, and activity by each device, from January 1, 2015 to the present. Petitioner also asks that Google produce a record of all recovery and alternate e-mails and phone numbers associated with the account for such time period.

EFW respectfully requests that the Court grant it all other relief to which it may be justly entitled.

This the 7th day of June, 2016.

Respectfully submitted,

*/s/ Brandon R. Sher*

Brandon R. Sher
P.A. Bar No. 314192
LeClairRyan, A Professional Corporation
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 383-0913
Fax: (215) 383-0915
Email: Brandon.Sher@leclairryan.com
*Counsel for Petitioner*

**STATE OF <u>VIRGINIA</u>**

**CITY OF <u>RICHMOND</u>**

**VERIFICATION**

Scott Fisher, being first duly sworn, deposes and says that he is the President and CEO of Estes Forwarding Worldwide LLC and is authorized to execute this Verification on behalf of the company; that he has read the foregoing document and knows the contents thereof and that he verifies it is true to his knowledge, except as to matters alleged upon information and belief, and as to those he believes them to be true.

_____
Scott Fisher

Sworn to and Subscribed before me this 2nd day of June, 2016.

_Vince Radford_
Notary Public

My Commission Expires: 11-30-17

[Notary Seal: VINCENT C RADFORD, NOTARY PUBLIC, REG # 7235502, MY COMMISSION EXPIRES 11/30/2017, COMMONWEALTH OF VIRGINIA]

## CERTIFICATE OF SERVICE

The undersigned has provided on the date set forth below a courtesy copy of the foregoing Petition For Pre-Action Discovery by U.S. First-Class Mail to the following:

Comcast Corporation
Comcast Cable Communications Holdings, Inc.
Comcast Cable Communications, LLC
c/o CT Corporation System
116 Pine Street – Suite 320
Harrisburg, PA 17101

Comcast Cable Communications, Inc.
1500 Market St.
Philadelphia, PA 19102

T-Mobile USA, Inc.
c/o Corporation Service Company
2595 Interstate Drive
Suite 103
Harrisburg, PA 17110

Google, Inc.
c/o Corporation Service Company
2595 Interstate Drive
Suite 103
Harrisburg, PA 17110

Dated: June 7, 2016

_____
Brandon R. Sher